UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM EKDAHL,
    Petitioner,

v.                                     Case No. 8:16-cv-1476-KKM-AEP

SECRETARY, Department of Corrections,
    Respondent.
_____

ORDER

Adam Ekdahl, a Florida prisoner, timely filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his state court conviction based on a single ground of ineffective assistance of his trial counsel. (Doc. 1.) Because Ekdahl failed to exhaust his claims in state court, he is procedurally barred from bringing them in federal court. The Court therefore denies Ekdahl habeas relief. Furthermore, a certificate of appealability (COA) is not warranted.

I.  BACKGROUND

    A.  Procedural Background and Timeliness

The State of Florida charged Ekdahl with first degree murder in a single-count indictment. (Doc. 12-2, Ex. 2.) After the jury convicted him of the murder charge, the trial court sentenced Ekdahl to life imprisonment as a prison releasee reoffender. (Doc. 12-2,

Ex. 5.) The district court of appeals affirmed the conviction and sentence on direct appeal. (Doc. 12-2, Ex. 9.) Ekdahl challenged his conviction in a motion under Rule 3.850, Florida Rules of Criminal Procedure, for postconviction relief. (Doc. 12-2, Ex. 11.) The postconviction court summarily denied the motion without an evidentiary hearing, (Doc. 12-2, Ex. 14), and the district court of appeals affirmed in a per curiam decision, (Doc. 12-2, Ex. 18). Ekdahl filed a successive motion under Rule 3.850, which the state court denied because Ekdahl failed to amend. (Doc. 12-2, Exs. 22–24.)

On June 8, 2016, Ekdahl filed his Petition for Writ of Habeas Corpus under § 2254. (Doc. 1.) Respondent initially—but erroneously—opposed the Petition as time-barred. (Doc. 8.) After determining that the Petition was timely, an earlier order directed Respondent to answer and administratively closed the case. (Doc. 11.) Respondent now argues that the only ground for relief is unexhausted and procedurally barred from federal review. (Doc. 12.) After Ekdahl did not reply (even after an extension of time), the case was re-opened, (Doc. 16), and later re-assigned to me, (Doc. 17.)

### B. Factual History[1]

In November 2011, Ekdahl was living in a motel with his girlfriend and her two daughters. Ekdahl made money by selling his girlfriend's prescription pain medications,

---

[1] The Court derives this condensed version of the facts from the initial brief on direct appeal. (Doc. 12-2, Ex. 7.)

2

and the family members injected what drugs were not sold. One night, Ekdahl brought Samuel Martinez-Pratt to the motel and gave him some drugs. Ekdahl told his girlfriend's daughters that he planned to rob Pratt and needed their assistance. Under his direction, the daughters lured Pratt to a nearby vacant home and Ekdahl followed. Once inside, Ekdahl hit Pratt with a baseball bat, knocking him to the floor and hitting him several more times before directing one of the daughters to grab Pratt's wallet. Upon returning to the motel, the daughters discovered that there was no money in the wallet, and when they told Ekdahl, Ekdahl forced the girls to return with him to the house. Upon entering the house, Ekdahl hit Pratt with a piece of lumber and continued hitting him after he had fallen. Ekdahl then removed Pratt's shorts to search for valuables. The next morning Ekdahl returned to the house to look for his cellphone and discovered that Pratt was dead.

## II.  EXHAUSTION AND PROCEDURAL DEFAULT

A federal habeas petitioner must exhaust each claim by raising the claim in state court before presenting the claim in a federal petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Magwood v. Patterson*, 561 U.S. 320, 340 (2010) ("A petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge to the judgment reflecting the error."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A petitioner satisfies this exhaustion

requirement if he fairly presents the claim in each appropriate state court and alerts that court to the federal nature of the claim. *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010) ("[I]n order to exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court [and] the state court petition must make the state courts aware that the claims asserted do, in fact, raise federal constitutional issues."). "Mere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

In his Petition, Ekdahl alleges that trial counsel rendered ineffective assistance by submitting a voluntary intoxication instruction and by not filing a notice of intent to assert an insanity defense. Although similar, Ekdahl alleged different claims in state court: that counsel was ineffective for not objecting to the voluntary intoxication instruction;[2] not requesting an instruction on insanity based on long term use of intoxicants;[3] and not investigating his mental health.[4] Thus, in state court Ekdahl complained about counsel not

---

[2] The postconviction court ruled that counsel was not ineffective because the instruction had the potential to be beneficial to Ekdahl. (Doc. 12-2, Ex. 14 at 3.)

[3] The postconviction court ruled that counsel was not ineffective because, if counsel had requested the instruction, the "request would have been denied" because "the evidence and testimony at trial was insufficient to" warrant an insanity instruction. (Doc. 12-2, Ex. 14 at 4.)

[4] The postconviction court ruled that counsel was not ineffective because, "if counsel had sought to introduce evidence of Defendant's mental health history, such a request would have been denied as irrelevant and potentially misleading" because "the evidence at trial was insufficient to form a good faith basis for requesting the insanity instruction." (Doc. 12-2, Ex. 14 at 5.)

objecting to the voluntary intoxication instruction, whereas now he faults counsel for submitting the voluntary intoxication instruction. And in state court Ekdahl complained about counsel not requesting an insanity instruction, but he now faults counsel for not filing a notice of reliance on an insanity defense. The federal claims of ineffective assistance of counsel are thus unexhausted—and consequently procedurally defaulted—because each relies on a different basis for counsel's alleged deficient performance compared to the basis Ekdahl asserted in state court.

    A habeas petitioner may overcome the procedural bar to federal review if he can establish the exception for either cause and prejudice or a fundamental miscarriage of justice. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* Because Ekdahl makes no attempt to show either "cause and prejudice" or

5

"manifest injustice," the two claims of ineffective assistance of counsel in ground one are procedurally barred from federal review on the merits.[5]

## III. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Ekdahl must show that reasonable jurists would find debatable this Court's determination that the ground in the petition is procedurally barred. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Ekdahl has not made the requisite showing. Finally, because Ekdahl is not entitled to a COA, he is not entitled to appeal in forma pauperis.

---

[5] Ekdahl would not prevail even under a review on the merits. Trial counsel was not ineffective for submitting a voluntary intoxication instruction because the record shows that the prosecutor submitted the instruction, not trial counsel. (Doc. 12-2, Ex. 3 at 493–97.) Trial counsel was not ineffective for not filing a notice of intent to assert an insanity defense because the postconviction court found that the evidence was insufficient to support an insanity defense. (Doc. 12-2, Ex. 14 at 4–5.) Moreover, Ekdahl's pre-robbery planning, directions to others involved in the robbery, minimization of his actions, and blaming of others refutes insanity and thus prevents Ekdahl from establishing the prejudice prong of an ineffective assistance claim. (Doc. 12 at 5–6.)

It is therefore **ORDERED** that Ekdahl's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. A COA and leave to appeal in forma pauperis are **DENIED**. The **CLERK** is directed to enter judgment against Ekdahl and to **CLOSE** this case.

**ORDERED** in Tampa, Florida on December 6, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge